**Aladdin ZACKARIA, Plaintiff,**

v.

**WAL–MART STORES, INC., a Delaware Corporation, et al., Defendants.**

**Case No. ED CV 12–1520 FMO (SPx)**

United States District Court,
C.D. California.

Signed November 3, 2015

Alexander R. Wheeler, Jacob L. Karczewski, John M. Bickford, Kitty Szeto, R. Rex Parris, R. Rex Parris Law Firm, Lancaster, CA, Jill Jessica Parker, Edwin Aiwazian, Lawyers for Justice PC, Glendale, CA, for Plaintiff.

Mona Stone, Greenberg Traurig LLP, Phoenix, AZ, Alana Christina Srour, Matthew R. Gershman, Robert J. Herrington, Greenberg Traurig LLP, Los Angeles, CA, Jeannette M. Brook, Greenberg Traurig LLP, Denver, CO, Robert M. Goldich, Greenberg Traurig LLP, Philadelphia, PA, for Defendants.

## ORDER Re: PAGA CLAIM

Fernando M. Olguin, United States District Judge

Having reviewed and considered the parties' motions in limine, and concluding that oral argument is not necessary to resolve the motions, *see* Fed. R. Civ. P. 78; Local Rule 7–15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir.2001), the court rules as follows.

### INTRODUCTION

Plaintiff Aladdin Zackaria ("Zackaria" or "plaintiff") filed this wage and hour class action against Wal–Mart Stores, Inc. ("Wal–Mart" or "defendant") on August 3, 2011, in the San Bernardino County Superior Court. (*See* Notice of Removal, Exhibit ("Exh.") A ("Complaint")). Defendant removed the case to this court on September 6, 2012, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff brought the action individually and on behalf of individuals currently and formerly employed by defendant as an Asset Protection Coordinator ("APC").[1] (*See* Complaint at ¶¶ 12–13). Plaintiff alleged that defendant knowingly misclassified him and "other class members ... as 'exempt' employees [under state law] and paid them on a salary basis, without any compensation for overtime hours worked, missed meal periods or rest breaks." (*Id.* at ¶ 19). On these grounds, plaintiff asserts claims for: (1) failure to pay overtime, Cal. Lab. Code §§ 510, 1194, & 1198; (2) failure to pay minimum wage,

---

1. The title of this position was changed to "Asset Protection Manager" or "APM" (*see* Court's Order of May 18, 2015, at 2), but for the sake of clarity and consistency, the court will use "APC" in this order.

Cal. Lab. Code §§ 1194 & 1197; (3) rest period violations, Cal. Lab. Code §§ 226.7; (4) meal period violations, Cal. Lab. Code §§ 226.7 & 512; (5) wage statement violations, Cal. Lab. Code § 226; (6) waiting time penalties, Cal. Lab. Code §§ 201–03; (7) failure to maintain adequate records, Cal. Lab. Code § 1174; (8) failure to timely pay wages, Cal. Lab. Code § 204; (9) unlawful business practices, Cal. Bus. & Prof. Code §§ 17200, *et seq.;* and (10) civil penalties under the California Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq.* ("PAGA"). (*See* Complaint at ¶¶ 53–97).

Plaintiff filed a motion for class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). (*See* Renewed Motion for Class Certification ("Class Cert. Motion"), Dkt. No. 78). The court denied the Class Cert. Motion in May, 2015. (*See* Court's Order of May 18, 2015, at 26). Subsequently, in its Order Re: Further Proceedings, the court set a trial date of November 17, 2015. (*See* Court's Order of May 21, 2015, at 15–16).

Each party filed two motions in limine, the substance of which overlaps almost entirely. Defendant's Motion In Limine No. 1 To Exclude Irrelevant Testimony and Exhibits Unrelated to Plaintiff Aladdin Zackaria's Claim ("Dft. MIL No. 1"), seeks to exclude testimony, declarations, personnel files, and any other exhibits related to employees other than Zackaria, which plaintiff intends to use to support his representative PAGA claim at trial. (*See* Dft. MIL No. 1 at 2). The basis for Dft. MIL No. 1 is that since the court denied class certification because "the exemptions questions at issue in this action did not lend themselves to common proof" (*see id.* at 1), plaintiff cannot now pursue a representative PAGA claim "on behalf of an unidentified number of additional nonparty employees." (*Id.* at 2). Defendant's

Motion in Limine No. 2 to Exclude Hearsay Exhibits ("Dft. MIL No. 2") seeks to exclude the declarations and personnel files of the non-parties that are the subject of Dft. MIL No. 1 on the additional basis that they are hearsay. (*See* Dft. MIL No. 2 at 1). Plaintiff, on the other hand, filed its Motion in Limine No. 1 To Exclude Testimony, Evidence, or Argument by Defendant Relating to the Denial of Class Certification and the Appeal Therefrom ("Pltf. MIL No. 1"), arguing that because the denial of class certification does not impact the remaining PAGA claim, it is irrelevant, and any mention of it "will likely confuse and mislead the jury to believe that the merits of Plaintiffs' underlying claims may be unmeritorious[.]" (Pltf. MIL No. 1 at 1). Plaintiff's Motion in Limine No. 2 Barring Defendant From Calling All 340 Plus Aggrieved Employees to Testify at Trial ("Pltf. MIL No. 2") seeks to prevent Wal–Mart from arguing that all of the 340–plus APCs "must testify because this is a PAGA action." (*See* Pltf. MIL No. 2 at 1). Plaintiff asserts that "[d]efendants confronting representative actions do not have the right to call all class members to the stand" (*see id.* at 3), but defendant responds that plaintiff's motion is simply "not directed to any claims that remain in this case." (*Id.* at 1). "Were there a representative claim remaining for trial here," defendant argues, "then Walmart *would be* entitled to ... present evidence from other [APCs] to rebut Plaintiff's evidence." (*See id.* at 3) (emphasis in original).

As the paragraph above makes clear, the core of the parties' dispute is whether the court's denial of class certification means that Zackaria cannot pursue a representative PAGA claim.[2] If the answer to that question is yes, evidence that plaintiff intends to introduce at trial may now be irrelevant and/or prejudicial, and if the

2. Wal–Mart filed a Motion for Judgment on the Pleadings as to Plaintiff's PAGA Allega-

answer is no, the same may be true of defendant's evidence.

### DISCUSSION

When the California Legislature enacted PAGA, it declared that "adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations[.]" *Arias v. Superior Court*, 46 Cal.4th 969, 980, 95 Cal.Rptr.3d 588, 209 P.3d 923 (2009). Under PAGA, an "aggrieved employee" may bring a civil action personally and on behalf of current or former employees to recover civil penalties for violations of the California Labor Code. *See id.* "Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency [ ("LWDA") ], leaving the remaining 25 percent for the 'aggrieved employees.'"[3] *Id.* at 980–81, 95 Cal.Rptr.3d 588, 209 P.3d 923; *see Iskanian v. CLS Transportation Los Angeles, LLC,* 59 Cal.4th 348, 360, 173 Cal.Rptr.3d 289, 327 P.3d 129 (2014) ("This statute authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state."). Because an action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties," *Arias.* 46 Cal.4th at 986, 95 Cal.Rptr.3d 588, 209 P.3d 923 (internal quotation marks omitted), "an aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself[.]" *Id.*

tions ("PAGA Motion") on October 1, 2015. (*See* PAGA Motion, Dkt. No. 106). In the motion, defendant stated, "[a]lthough Plaintiff has not yet explained fully how he intends to prove and recover damages on behalf of the absent, non-party employees, it appears that Plaintiff plans to pursue a state-wide representative PAGA action based on the same evidence, including testimony from the very same individuals, on which he relied when unsuccessfully seeking class certification." (*See id.* at 2). It argued that "[t]his end-run around the Court's denial of class certification should not be permitted[.]" (*Id.*). The court struck the PAGA Motion as untimely (*see* Dkt. No. 107), as the deadline for dispositive motions was July 20, 2015. (*See* Court's Order of May 21, 2015, at 15). Plaintiff accurately characterizes defendant's motions in limine, taken together, as a "thinly-veiled motion for judgment on the pleadings com[ing] on the heels of Wal–Mart's actual motion for judgment on the pleadings, which was stricken by the Court for failing to comply with the procedural demands of this Court." (*See* Dft. MIL No. 1 at 3). Defendant appears to agree with such a characterization, as defense coun-

sel recognized during a meet-and-confer session that "the point that [the parties] really disagree about .... is the scope of the trial. This is not a motion in limine issue." (*See* Declaration of Matthew Gershman in Support of [Defendant's] Motion in Limine No. 1 to Exclude Irrelevant Testimony And Exhibits Unrelated to Plaintiff Aladdin Zackaria's Claim ("Gershman Decl."), Exh. E at 8). Nonetheless, because trial is approaching and because the PAGA issue does bear on what evidence will and will not be admitted, the court addresses it in this order.

3. Before bringing the action, an employee must comply with California Labor Code § 2699.3, which requires the employee to give written notice of the alleged violation to both the employer and the LWDA. *See Arias,* 46 Cal.4th at 981, 95 Cal.Rptr.3d 588, 209 P.3d 923. If the agency does not respond or if it notifies the employee and the employer that it does not intend to investigate, the employee may bring a civil action against the employer. *See id.* at 981, 95 Cal.Rptr.3d 588, 209 P.3d 923; Cal. Lab. Code § 2699.3(a)(2)(A).

### A. Class Certification Under Rule 23.

 The majority of federal courts that have addressed the issue have found that "representative PAGA claims need not be certified under Rule 23 to proceed." *Gallardo v. AT & T Mobility, LLC,* 937 F.Supp.2d 1128, 1137 (N.D.Cal.2013) (collecting cases) (describing the purpose of such actions to "vindicate the public through the imposition of civil penalties as opposed to conferring a private benefit upon the plaintiff and the represented employees") (internal quotation marks omitted); *see also Achal v. Gate Gourmet, Inc.,* 114 F.Supp.3d 781, 804–06, 2015 WL 4274990, *13 (N.D.Cal.2015) (same). In *Baumann v. Chase Inv. Services Corp.,* 747 F.3d 1117, *cert. denied,* —— U.S. ——, 135 S.Ct. 870, 190 L.Ed.2d 702 (2014), the Ninth Circuit recently considered whether PAGA actions are sufficiently similar to Rule 23 class actions to trigger Class Action Fairness Act ("CAFA") jurisdiction. The *Baumann* court found that because a "PAGA suit is fundamentally different than a class action[,]" *id.* at 1123 (internal quotation marks omitted), "PAGA actions are also not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction." *Id.* at 1122 & 1124 (further finding that "Rule 23 and PAGA are more dissimilar than alike"). In other words, "[b]ecause an identical suit brought by the state agency itself would plainly not qualify as a CAFA class action, no different result should obtain when a private attorney general is the nominal plaintiff." *Id.* at 1123.[4] Using similar reasoning, before and after *Baumann,* federal district courts in California "have routinely held that 'PAGA actions, though representative, need not be brought as class actions under Rule 23.' "[5]

4. Defendant also argues that Zackaria does not have standing to assert his PAGA representative claim unless the court certifies a class action under Rule 23. (*See* Dft. MIL No. 1 at 8–9). Although Rule 23 may be an exception to the limits on third-party standing, *see Califano v. Yamasaki,* 442 U.S. 682, 700–01, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979), the Ninth Circuit's description of PAGA claims in *Baumann* supports the conclusion that "PAGA actions are not claims asserting the rights of third party plaintiffs," and therefore that third-party standing rules are irrelevant. *See Achal,* 114 F.Supp.3d at 807–08, 2015 WL 4274990, *15 (reasoning that *Baumann* indicates that "the standing limits cited by [defendant] . . . do not apply"); *see also* Cal. Lab. Code § 2699(g)(1) (a PAGA action, unlike a class action, does not limit "an employee's right to pursue or recover other remedies available under federal law, either separately or concurrently with [a PAGA] action"); *Baumann,* 747 F.3d at 1123 ("If the employer defeats a PAGA claim, the nonparty employees, because they were not given notice of the action or afforded an opportunity to be heard, are not bound by the judgment as to remedies other than civil penalties.") (internal quotation marks omitted). Other courts considering this question have reached the same conclusion. *See, e.g., Mendez v. Tween Brands, Inc.,* 2010 WL 2650571, *4 n. 4 (E.D.Cal.2010) ("Because we hold that PAGA actions are not class actions, but law enforcement actions, we need not address Defendant's argument that Plaintiffs lack Article III standing to pursue their PAGA claims without certifying as a class."); *McKenzie v. Fed. Express Corp.,* 765 F.Supp.2d 1222, 1234 (C.D.Cal.2011) (Because PAGA claims are "law enforcement actions there is no standing issue precluding [a plaintiff] from pursuing this claim.").

5. Although it is clear that class certification is not necessary, courts have allowed PAGA claims to be certified under either state or federal class certification rules. However, in light of *Baumann,* the court questions whether certification of a PAGA claim under Rule 23 is even available. *See* 747 F.3d at 1123 ("[A] PAGA suit is fundamentally different than a class action. These differences stem from the central nature of PAGA. PAGA plaintiffs are private attorneys general who, stepping in the shoes of the LWDA, bring claims on behalf of the state agency. Because an identical suit brought by the state agency itself would plainly not qualify as a CAFA class action, no different result should obtain when

*Achal*, 114 F.Supp.3d at 806, 2015 WL 4274990, *13, *citing Willner v. Manpower Inc.*, 35 F.Supp.3d 1116, 1135 (N.D.Cal. 2014) ("[T]he vast majority of courts in this district ... have held that representative PAGA claims need not be certified under Rule 23 to proceed[.]"); *see also Plaisted v. Dress Barn, Inc.*, 2012 WL 4356158, *1 (C.D.Cal.2012) ("[T]he majority of federal courts facing these claims have relied heavily on PAGA's purpose as a law-enforcement mechanism ... and held that PAGA actions, though representative, need not be brought as class actions in which Rule 23's requirements are necessarily applicable."). In short, this court will "follow the majority of courts in holding that the plaintiff['s] PAGA claim[ ][is] not subject to the requirements of Rule 23." *Amey v. Cinemark USA Inc.*, 2015 WL 2251504, *15 (N.D.Cal.2015).[6]

Defendant's reliance on *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) is unavailing. Defendant states that *Shady Grove* held that "a New York statute concerning the ability of a plaintiff to pursue a representative action in state court did not trump Rule 23's application in federal court, which *automatically* applies" in all civil actions in federal court. (*See* Dft. MIL No. 1 at 10, citing *Shady Grove*, 559 U.S. 393 at 400, 130 S.Ct. at 1428, 176 L.Ed.2d 311 (internal quotation marks omitted; emphasis in original)). Thus, it argues that Rule 23's requirements are relevant "to determining whether the plaintiff [can] pursue a representative action in federal court" in this case. (*See id.* at 11).

Defendant, however, has overlooked or disregarded the Ninth Circuit's description

a private attorney general is the nominal plaintiff.") (citations and internal quotation marks omitted); *see also Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425, 435 (9th Cir.2015) ("The class action is a procedural device for resolving claims of absent parties on a representative basis. By contrast, a PAGA action is a statutory action in which the penalties available are measured by the number of Labor Code violations committed by the employer.") (internal citations omitted).

The California Supreme Court has made it clear that a PAGA claim is not a dispute between an employee and an employer, but rather a "dispute between an employer and the state, which alleges directly or through its agents—either the [LWDA] or aggrieved employees – that the employer has violated the [California] Labor Code." *Iskanian*, 59 Cal.4th at 386–387, 173 Cal.Rptr.3d 289, 327 P.3d 129 (emphasis omitted). The employee bringing a PAGA action is prosecuting a "law enforcement action" and "represents the same legal right and interest as state labor law enforcement agencies[.]" *Id.* at 387, 173 Cal.Rptr.3d 289, 327 P.3d 129 (internal quotation marks omitted). The court is unaware of any case in which the LWDA has sought to certify a class before litigating the merits, nor

is the court aware of any provision of California law requiring—or even mentioning as an option – such a strategy. Likely for that reason, no provision in PAGA requires an employee to obtain class certification before proving labor code violations as to other aggrieved employees and securing recovery for the state. Therefore, particularly considering the recent holdings of *Iskanian, Baumann*, and *Sakkab*, it strikes the court that far from being required, class certification in this context makes little sense.

6. Defendant asserts that in the cases described above, and in others that have reached the same conclusion, the courts have "determin[ed] that a PAGA claim is not a class action under state law but is, instead, more analogous to a law-enforcement action." (*See* Dft. MIL No. 1 at 10). It then argues that such cases "are inapposite here where, as noted, Plaintiff clearly and unambiguously pled his representative PAGA claim as a class action." (*Id.*). That plaintiff failed in his efforts to certify a class action does not mean that the nature of his claims changed. Just as his other wage and hour class allegations are not now dismissed, plaintiff's class allegations with respect to his PAGA claim are also dismissed.

of the issue in *Baumann*, in which it found that *Shady Grove* was "of no help" to defendant:

In *Shady Grove*, the Supreme Court considered whether a New York law, which precluded suits seeking recovery of penalties from proceeding as class actions, deprived a federal district court of jurisdiction over a diversity suit proposed as a Rule 23 class action. The issues were whether Rule 23 conflicted with the New York law, and if so, whether the Rule exceeded the authorization of the Rules Enabling Act or Congress's rulemaking power.

*Baumann*, 747 F.3d at 1124. In *Shady Grove*, the Supreme Court held, under the *Erie* doctrine, that Rule 23 is merely a procedural device that allows for joinder of parties, and as such, applies to claims asserted in federal court even if the state law does not provide for such a procedure in state court. *See* 559 U.S. at 407–08, 130 S.Ct. at 1443; *Baumann*, 747 F.3d at 1124. Courts that have applied this reasoning to PAGA claims have found that PAGA, by "specifically permit[ting] recovery for unnamed parties[,]" "is a procedural mechanism by which litigants may recovery for absent plaintiffs, akin to a class action." *Fields v. QSP, Inc.*, 2012 WL 2049528, *5 (C.D.Cal.2012). Following from that finding is a conclusion that a plaintiff whose claim is viable in state court may be foreclosed from litigating it in federal court if the plaintiff cannot meet federal procedural and jurisdictional requirements—*i.e.*, Rule 23—since federal courts must apply federal procedural rules in diversity cases. *See Achal*, 114 F.Supp.3d at 809–10, 2015 WL 4274990, at *16 (summarizing the applicable reasoning "[u]nder a procedural construction of PAGA").

While PAGA may be comparable in some ways to rules that are procedural, the court does not agree with the courts that have found PAGA to be procedural rule for purposes of *Erie* analysis. *See Achal*, 114 F.Supp.3d at 809–10, 2015 WL 4274990, at *16 (That PAGA was found not to be substantive in the sense that it does not create transferrable property interest "does not mean the label 'substantive' is inapplicable for purposes of other legal doctrines."). Analogizing to *qui tam* actions, the *Fields* court recognized that PAGA and *qui tam* suits set out a procedural mechanism that is often "characterized as a substantive right to pursue a claim for relief." *See Cunningham v. Leslie's Poolmart, Inc.*, 2013 WL 3233211, *7 (C.D.Cal.2013) ("Since a plaintiff's right under PAGA to pursue a bounty through a representative action is closely analogous to a *qui tam* relator's right, ... an aggrieved employee's rights under PAGA should also be characterized as substantive."); *see also Iskanian*, 59 Cal.4th at 382, 173 Cal.Rptr.3d 289, 327 P.3d 129 (holding that PAGA representative claims are "a type of *qui tam* action"); *Sakkab v. Luxottica Retail North America, Inc.*, 2015 WL 5667912, 803 F.3d 425 (9th Cir. 2015) (same). Other federal courts in California have reached the same conclusion. *See, e.g., Moua v. Int'l Business Machines Corp.*, 2012 WL 370570, *3 (N.D.Cal.2012) ("PAGA transcends the definition of what is simply procedural. The statute's plain purpose is to protect the public interest through a unique private enforcement process, not to allow a collection of individual plaintiffs to sue the same defendant in one consolidated action for the sake of convenience and efficiency. Comparing PAGA to a statute or rule of procedure which merely directs the fine details of litigation unfairly minimizes this purpose."); *Cardenas v. McLane Foodservice, Inc.*, 2011 WL 379413, *2 (C.D.Cal.2011) (finding that to characterize PAGA as wholly procedural would ignore the intent of the legislature in passing the statute). These courts have

rightly found that PAGA is substantive for *Erie* purposes "because it gives plaintiffs a 'right to recover' in specified circumstances." *Achal,* 114 F.Supp.3d at 810, 2015 WL 4274990, at *16, quoting *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). This conclusion is especially appropriate to the extent that courts finding otherwise have reasoned that PAGA is procedural because it is a "mechanism by which litigants may recover for absent plaintiffs[.]" *See, e.g., Fields,* 2012 WL 2049528, at *5. The recent *Baumann* decision makes clear that the claim at the heart of a PAGA action is "filed on behalf of and for the benefit of the state, not a claim for class relief." *See* 747 F.3d at 1124 & 1123 (further finding that PAGA recovery is not "restitution for wrongs done to members of the class").

■ For these reasons, defendant's claim that Rule 23 is the "only ... procedure under which a plaintiff can pursue a representative action," *(see* Dft. MIL No. 1 at 10), is incorrect. Just as that statement does not hold true for *qui tam* actions, *see, e.g., Cunningham,* 2013 WL 3233211, at *7, *parens patriae* actions, *see, e.g., Baumann,* 747 F.3d at 1122, or FLSA actions, *see, e.g., Beauperthuy v. 24 Hour Fitness USA, Inc.,* 772 F.Supp.2d 1111, 1117 (N.D.Cal.2011), it does not hold true for

PAGA actions.[7] *See, e.g., Amey,* 2015 WL 2251504, at *15 ("I follow the majority of courts in holding that the plaintiffs' PAGA claims are not subject to the requirements of Rule 23."). In one case, the court found that any arguments to the contrary are "precluded by case law in [the Northern District of California], the Ninth Circuit, and California." *Amey,* 2015 WL 2251504, at *15.

■ Finally, the court is not persuaded by defendant's contention that plaintiff's appeal to the Ninth Circuit, in which he described his remaining claim as an "individual claim," is dispositive. *(See, e.g.,* Dft. MIL. No. 1 at 2 & Reply in Support of Defendant's Motion in Limine No. 1 at 1). Plaintiff's appeal followed the court's denial of class certification. *(See* Request for Judicial Notice ("RJN"), Dkt. No. 106, Exh. A, Petition for Permission to Appeal Order Denying Class Certification ("Petition").[8] Plaintiff argued, in a one-paragraph section at the end of the Petition, that the denial of class certification was the death-knell of the litigation because "without a class, [final judgment would be] worth far less than the cost of the litigation." *(See id.* at 20) (internal quotation marks omitted). Nowhere in this paragraph does plaintiff mention his PAGA claim, and it is clear, both from the nature of the paragraph and from the nature of

---

7. In *Thomas v. Aetna Health of California, Inc.,* 2011 WL 2173715 (E.D.Cal.2011), the court offered another helpful comparison: "a PAGA claim is analogous to [a] shareholders' derivative suit[,]" in which "the corporation sustains the primary injury; injury to the shareholders is only indirect. As a result, the shareholders step into the shoes of the corporation and assert its interests – they have no *individual* right to recovery." *Id.* at *17. Similarly, in PAGA actions, "[g]enerally analogous to shareholder derivative suits, aggrieved employees are deputized to step into the shoes of the LWDA and pursue its interests in enforcement of the Labor Code. Private PAGA plaintiffs' interests are only tan-

gential and derivative of the LWDA[.]" *Id.* "PAGA was not designed to compensate employees nor can the penalties recovered be considered 'damages' in a compensatory sense." *Id.*

8. The court takes judicial notice of this document. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.") (internal quotation marks omitted).

the document itself—*i.e.*, a petition to appeal the denial of class certification—that plaintiff was writing about his class claims, not about his PAGA claim. *(See, generally, id.).* Thus, the denial of class certification has no bearing on a PAGA claim, and the nature of that remaining claim was not relevant to the Petition.

### B. *Manageability.*

Defendant states that "[a] plaintiff pursuing a representative PAGA action must prove the alleged underlying Labor Code violations (i) first, as to him or herself, and (ii) second, as to all ... aggrieved employees for which a penalty also is sought." (Dft. MIL No. 1 at 7); *see also Rope v. Auto-Chlor Sys. of Wash., Inc.,* 220 Cal. App.4th 635, 651 n. 7, 163 Cal.Rptr.3d 392 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC,* 2009 WL 513496, *4 (N.D.Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). From there, defendant leaps to the conclusion that a plaintiff pursuing a representative PAGA claim must "also face[ ] the challenge of showing that the PAGA claim is manageable for resolution." *(See Dft. MIL No. 1 at 7).*

Defendant argues that plaintiff is unable to meet that challenge because "individual issues would predominate in any action to resolve the claims of absent non-party employees." *(Id.* at 8). "This is especially so here where the evidence that Plaintiff seeks to submit in support of his representative action is the same evidence that the Court already considered in denying class certification." *(Id.).* Plaintiff, on the other hand, counters that for the same reasons PAGA claims do not need to satisfy federal class action requirements, "PAGA claims are not required to comply with Rule 23 manageability requirements[.]" *(See Dft. MIL No. 1 at 4).*

 As the court concluded with respect to defendant's argument regarding Rule 23, the court finds defendant's manageability argument inconsistent with PAGA's purpose and statutory scheme.[9] *See, e.g., Plaisted,* 2012 WL 4356158, at *2 (finding the argument that "the PAGA claim should still be dismissed because the individualized determinations required under PAGA would make trying such a claim unmanageable ... inconsistent with PAGA's purpose and statutory scheme."). PAGA contemplates civil penalties for "a violation" of the California Labor Code, *see* Cal. Lab. Code § 2699(a), which will often require individualized assessments of liability. *See, e.g., Hibbs–Rines,* 2009 WL 513496, at *4 ("[D]efendants overlook that civil penalties under PAGA are only assessed for *violations* for the California Labor Code. Plaintiff will have to prove

---

9. Although other courts have declined to allow PAGA representative actions to proceed where the claims require individualized determinations, *see, e.g., Ortiz v. CVS Caremark Corp.,* 2014 WL 1117614, *4 (N.D.Cal.2014) ("[T]he circumstances of this case make the PAGA claim here unmanageable because a multitude of individualized assessments would be necessary."); *Bowers v. First Student, Inc.,* 2015 WL 1862914, *4 (C.D.Cal. 2015) (same); *Stafford v. Dollar Tree Stores,*

*Inc.,* 2014 WL 6633396, *4 (E.D.Cal.2014) ("in light of the number of potential aggrieved employees, judicial economy favors deferring the representative portion of the PAGA claim"), the court, in light of PAGA's purpose to serve as a law enforcement action designed to benefit the public and not to benefit private parties," *Arias,* 46 Cal.4th at 986, 95 Cal. Rptr.3d 588, 209 P.3d 923, respectfully declines to follow those cases.

Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original); *Plaisted,* 2012 WL 4356158, at *2 ("[E]every PAGA action in some way requires *some* individualized assessment regarding whether a Labor Code violation has occurred.") (emphasis in original). The purpose of PAGA "is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies." *Ochoa–Hernandez v Cjaders Foods, Inc.,* 2010 WL 1340777, *4 (N.D.Cal.2010). Holding that individualized liability determinations make representative PAGA actions unmanageable, and therefore untenable, would impose a barrier on such actions that the state law enforcement agency does not face when it litigates those cases itself. *Cf. Iskanian,* 59 Cal.4th at 380, 173 Cal.Rptr.3d 289, 327 P.3d 129 ("elucidating the legal characteristics of a PAGA representative action" and stating that an employee suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies ... the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies") (citations omitted); *Arias,* 46 Cal.4th at 923, 95 Cal. Rptr.3d 202, 209 P.3d 105 (finding that "an aggrieved employee's action under [PAGA] functions as a *substitute* for an action brought by the government itself")(emphasis added). Imposing such a requirement, found nowhere in PAGA itself and apparently not imposed upon the government, would "obliterate [the] purpose" of representative PAGA actions. *See Plaisted,* 2012 WL 4356158, at *2. Seeking civil

penalties on behalf of aggrieved employees may make plaintiff's case difficult to prove, and may require evidence regarding a significant number of individual employees. But PAGA actions are unlike class actions; they are "distinct in purpose and function from a purely procedural rule," *see Mendez,* 2010 WL 2650571, at *3, and unlike Rule 23, the purpose of PAGA is not "to allow a collection of individual plaintiffs to sue the same defendant in one consolidated action for the sake of convenience and efficiency." *Moua,* 2012 WL 370570 at *3. In short, the imposition of a manageability requirement—which finds its genesis in Rule 23—makes little sense in this context. At trial, plaintiff may prove that defendant violated the California Labor Code with respect to the employees it describes as "aggrieved employees," some of the employees, or he may not prove any violations at all. But the fact that proving his claim may be difficult or even somewhat burdensome for himself and for defendant does not mean that he cannot bring it at all. *See, e.g., Nelson v. Southern Cal. Gas Co.,* 2013 WL 2358670, *18 (Cal.App.2013)[10] ("A conclusion, made in the context of a class certification motion, that individual questions would predominate in company-wide class litigation, thereby rendering *class action* treatment inappropriate, is not the same as a conclusion that the plaintiffs cannot establish there are other 'aggrieved persons' they may properly represent in a PAGA claim.") (emphasis in original); *Echavez v. Abercrombie & Fitch Co. Inc.,* 2013 WL 7162011, *11 (C.D.Cal. 2013) ("The Court simply sees no reason why Defendant will not have an opportunity to cross-examine and confront any wit-

---

10. *Nelson* is an unpublished opinion. "Although the court is not bound by unpublished decisions of intermediate state courts, unpublished opinions that are supported by reasoned analysis may be treated as persuasive authority." *U.S. v. Boyce,* 38 F.Supp.3d 1135, 1159 n. 85 (C.D.Cal.2014); *see also CPR for Skid Row v. City of Los Angeles,* 779 F.3d 1098, 1117 (9th Cir.2015) ("We may consider unpublished state decisions, even though such opinions have no precedential value.") (alteration marks omitted).

nesses Plaintiff calls at trial. Further, that Plaintiffs have not presented a viable plan for proving violations as to all employees ... merely means that Plaintiffs may ultimately be unable to prove their case.") quoting *Kemah Henderson v. JPMorgan Chase Bank*, Case No. CV 11–3428 PSG at *9–10 (C.D.Cal. July 10, 2013); *cf., Hibbs–Rines*, 2009 WL 513496, at *4 ("Thus, while the Court agrees that plaintiff's 'Aggrieved Employees' description may be overly broad, it is not necessary to strike that portion of the FAC at this stage. If plaintiff can prove that defendant violated the California Labor Code with respect to all the employees described in the FAC as 'Aggrieved Employees,' plaintiff will be able to argue that civil penalties are appropriate under PAGA. If plaintiff cannot prove such violations, no penalties will be assessed under PAGA.").

### C. Trial Plan.

Having determined that a PAGA representative claim need not satisfy the requirements of Rule 23, including the manageability requirement of Rule 23(b), the court turns to the question of what evidence is relevant to plaintiff's claim. Plaintiff's PAGA claim defines "aggrieved employees" as "Plaintiff and the other salaried employees" (*see* Complaint at ¶ 72), but does not provide further information regarding which salaried employees—presumably, APCs—plaintiff intends to include. (*See, generally*, Complaint). Plaintiff's witness list identifies 14 witnesses he intends to call regarding their "claims in this lawsuit as ... aggrieved employee[s]" (*see* Gershman Decl., Exh. A, Plaintiff Aladdin Zackaria and the Aggrieved Employees' Witness List at 5–9), but it is unclear whether these are all of the "aggrieved employees" plaintiff intends to represent. Indeed, plaintiff's exhibit list identifies the declarations of additional employees that plaintiff wishes to introduce (*see* Gershman Decl., Exh. B, Plaintiff Aladdin Zackaria and the Aggrieved Employees' Exhibit List at 1–2), but it is unclear whether the declarants are also "aggrieved employees" or whether plaintiff intends to introduce their declarations as supporting evidence. The parties do not directly address this specific question during their meet-and-confer session (*see, generally*, Gershman Decl., Exhs. D and E), though they appear to assume that the group of "aggrieved employees" includes all of the approximately 340 California APCs. (*See id.* Exh. E at 12).

In short, the court is not certain which individual(s)—if any in addition to the 14 identified in his witness list—plaintiff intends to include as an "aggrieved employee." The court therefore cannot determine what evidence is relevant to their claims, nor can it determine what evidence is more prejudicial than probative of such claims. *Cf. Rix v. Lockheed Martin Corp.*, 2012 WL 13724, *3 (S.D.Cal.2012) (on a motion to strike, noting that "it has not yet been determined how many violations Plaintiff will seek to establish, and how many allegedly aggrieved [employees] could be potentially included. The Court tentatively concludes it would be premature to strike Plaintiff's PAGA claim at this stage of the proceedings[.]") (quoting an unpublished prior order in the matter). Before it can make any decisions regarding the conduct of the trial and admissible evidence, plaintiff must provide more information to the court and to defendant.

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The parties' motions in limine (**Document Nos. 108, 109, 115, and 116**) are **denied.**

2. No later than **November 10, 2015**, plaintiff shall file a Brief Re PAGA Trial Plan, of no more than 10 pages, that (a)

describes its compliance with the requirements of PAGA; (b) identifies the "aggrieved employees" for purposes of the PAGA claim; (c) proposes a plan for the court's evaluation of the aggrieved employees' claims, with citations to relevant case law; and (d) describes the evidence he plans to put forth in support of his claim that each aggrieved employee has suffered a violation. If defendant opposes plaintiff's plan, no later than **November 17, 2015**, it shall file an Opposition Re PAGA Trial Plan, of no more than 10 pages, describing its concerns and providing citations to relevant case law. If, after receiving plaintiff's brief, defendant still believes that plaintiff did not satisfy PAGA's administrative exhaustion requirements (*see* Dft. MIL No. 1 at 11, n. 4), it shall address those arguments as well. Plaintiff shall file a Reply of no more than 5 pages no later than **November 23, 2015.** The parties' briefs should also address whether and which special master should be appointed to hear all the evidence and make recommendations as to each aggrieved employee's damages claim.

3. The trial currently set for November 17, 2015, and all associated pretrial dates, including the pretrial conference set for November 6, 2015, are **vacated.** The court will issue an Order Re Further Proceedings when it and the parties are more prepared to determine how the trial will be conducted.